UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.    CR-04-0262-WFN-1 |
| Respondent, | ) | CV-09-0148-WFN |
| | ) | |
| -vs- | ) | |
| | ) | ORDER |
| KENNETH DALE GOOCH, | ) | |
| Movant. | ) | |
| | ) | |

Pending before the Court is Mr. Gooch's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  The Court has reviewed the file and the Motion.

## I.  BACKGROUND

On December 7, 2004, Mr. Gooch was indicted in violation of 18 U.S.C. § 922(g) and § 924, a felon in possession of a firearm and ammunition that had been transported in interstate commerce.  The Indictment further alleged that one of the firearms in Mr. Gooch's possession was stolen and that Mr. Gooch possessed the firearms and ammunition in connection with another felony offense.  Count 2 of the Indictment charged Mr. Gooch with forfeiture of all the firearms and ammunition involved in the commission of the offense to the United States upon conviction.  A trial began on March 20, 2006.  The jury found Mr. Gooch guilty on Count 1.  Mr. Gooch was sentenced to 235 months imprisonment and 5 years supervised release.  Additionally, Mr. Gooch was required to forfeit seven items of property to the United States. Mr. Gooch raised several issues on appeal.  The Ninth Circuit affirmed the District Court.

ORDER - 1

Mr. Gooch filed his Motion pursuant to 28 U.S.C. § 2255 on May 12, 2009. The following grounds were identified in the § 2255 Motion: (1) the Court erred in granting the Government's Motion for Reconsideration and/or Clarification; (2) the Court erred in determining the scope of search on March 20, 2004; (3) that Mr. Gooch received ineffective assistance of counsel; (4) that Mr. Gooch was denied his constitutional right to confront the witnesses against him; (5) that the United States Attorney engaged in misconduct; (6) that Mr. Gooch's right to a speedy trial was violated; (8) that Mr. Gooch's Indictment was improper; and (9) that the Court erred in imposing Mr. Gooch's sentence.

## II. ANALYSIS

In order to be eligible for relief under 28 U.S.C. § 2255, a movant must establish that (1) he is in custody under a sentence of this Court; (2) his request for relief was timely; and (3) that either the sentence imposed is unconstitutional or violates federal law, this Court lacked jurisdiction to impose the sentence, the sentence exceeds what is authorized by law, or the sentence or judgment is otherwise open to collateral attack. 28 U.S.C. § 2255. Mr. Gooch was sentenced on December 13, 2006 by this Court and Mr. Gooch is currently in custody under the Federal Bureau of Prisons as a result of that sentence. Therefore, Mr. Gooch satisfies the first prong of the statute.

To satisfy the second prong of the statute, Mr. Gooch must demonstrate that he filed his § 2255 Motion in a timely manner. In order for a motion to be considered timely under § 2255, it must be filed within one year of the date on which the movant's judgment becomes final. 28 U.S.C. § 2255(f). A federal prisoner's judgment is considered final when either a petition for certiorari in the United States Supreme Court is denied, or the time to file a petition for certiorari has expired. *United States v. Garcia*, 210 F.3d 1058, 1059 (9th Cir. 2000). Mr. Gooch's petition for certiorari was denied on April 14, 2008. Therefore, the one-year statute of limitations period ended on April 14, 2009 because Mr. Gooch's Judgment became final on April 14, 2008. Mr. Gooch filed his 28 U.S.C. § 2255 Motion on May 12,

ORDER - 2

2009.  Although Mr. Gooch's Motion was filed outside of the one-year limitation, this Court can still find his Motion timely using the mailbox rule exception.  Under the mailbox rule, a motion filed by a prisoner is considered filed at the moment they deliver it to prisoner authorities to be forwarded to the clerk of the court.  *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).  In order for this exception to apply, the prisoner must meet two requirements: (1) he must be proceeding without assistance of counsel; and (2) the prisoner must deliver the petition to prison authorities for forwarding to the court within the limitations period.  *Id.*

In this case there is evidence before the Court to indicate that the mailbox rule applies.  Therefore, the Court finds that Mr. Gooch's § 2255 Motion was filed in a timely manner.  In a letter from Kenneth D. Gooch to The Honorable Clerk (Ct. Rec. 291), Mr. Gooch explained that he placed his § 2255 Motion in the prison mail system before the one-year limitation date of April 14, 2009, but as a result of a prison lockdown from March 31, 2009 through April 20, 2009, his mail was returned to him on April 23, 2009 as a result of an administration error.  In support of his letter, Mr. Gooch included a statement from his Unit Counselor at the Federal Bureau of Prisons, who further explained that Mr. Gooch attempted to file his legal mail at the appropriate time, however due to an institution lock down, his "legal mail was in advertedly a redistributed back to [him] at no fault of his own."  *Sic.*  Further, Mr. Gooch is proceeding without assistance of counsel in this matter and is proceeding *pro se*.

At this stage of the proceedings, the Court must determine whether to dismiss the Motion or send it to the United States Attorney for a response.  A § 2255 Motion may be dismissed without sending it to the United States Attorney for response, only if the file and records "conclusively show that the movant is entitled to no relief." 28 U.S.C. § 2255.  The rules regarding § 2255 similarly state that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion. . . ." Rule 4(b), RULES–SECTION 2255

ORDER - 3

PROCEEDINGS (West 2009).  However, Rule 4(b) also states that [i]f the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  *Id.*  Further, a § 2255 may be dismissed if it fails to state a claim upon which relief may be granted or if it is "palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

The Court has reviewed the file and the Motion.  The Court cannot say that each ground raised in the Motion is patently frivolous; therefore the Court will address the grounds raised by the § 2255 Motion in turn.

**Ground 1:  Court erred in granting the Government's Motion for Reconsideration and/or Clarification**.  Mr. Gooch asserts that the Court erred in granting the Government's Motion for Reconsideration and/or Clarification because it was untimely and changed the Court's fact finding on the permissible scope of search on March 20, 2004. Mr. Gooch argues that on January 17, 2006, the Court issued an Order stating that Officer Edwards should not have been allowed to enter the basement on March 20, 2004.  The Government filed its Motion for Reconsideration and/or Clarification on April 7, 2006.[1]  Mr. Gooch argues the Government's Motion was filed beyond the ten day permissible time period and also beyond the thirty day extension; therefore, the Motion was untimely.

---

[1]In support of its motion, the Government relied on Rule 4(b) of the Federal Rules of Appellate Procedure which states that  a party seeking relief from an order must file within 10 days of the judgment.  Further, Rule 4(b)(4) states that the district court may grant a 30 day extension if it finds excusable neglect or good cause.  The government asserted that "courts treat motions to reconsider as a form of appeal and analyze timeliness under this rule."

ORDER - 4

1    Mr. Gooch's argument on Ground 1 is without merit.  A § 2255 Motion "may not be
2    invoked to relitigate questions which were, or should have been, raised on direct appeal . . . ."
3    *Battaglia v. United States*, 428 F.2d 957, 960 (9th Cir. 1970).  Here, Mr. Gooch did not raise
4    this issue on direct appeal.  *United States v. Gooch*, 506 F.3d 1156 (9th Cir 2007).  Although
5    Mr. Gooch is procedurally barred from raising Ground 1 and even if the Court were in a
6    position to review this issue, it is clear there was no error.  "Clerical mistakes in judgments
7    [or] orders . . . arising from oversight or omission may be corrected by the court at any time."
8    FED. R. CRIM. P. 36; *United States v. Hovespian*, 307 F.3d 922, 932 (9th Cir. 2002), quoting
9    *United States v. Jones*, 608 F.2d 386, 389 (9th Cir. 1979).   The Court granted the
10   Government's Motion in order to clarify a misstatement in a previous order; however, the
11   Court did not reassess the merit of the previous order.

12       The Government filed a Motion for Reconsideration and/or Clarification of the Court's
13   Order dated March 30, 2006, at ¶ 4 on April 7, 2006 (Ct. Rec. 206).  Paragraph 4 of the
14   Court's Order dated March 30, 2006 (Ct. Rec. 112) states, "[t]he Court now recognizes that
15   the Gilstrap statement was likely fruit of the poisonous tree as Mr. Gilstrap was located in
16   the basement and it was determined that Officer Edwards should not have entered the
17   basement on March 20, 2004."   The Court addressed the Government's Motion for
18   Reconsideration and/or Clarification at a motion and sentencing hearing on December 13,
19   2006, and the Court determined that paragraph 4 of the Court's Order dated March 30, 2006
20   was a misstatement and was included in error (Ct. Rec. 279).  The Court stated ". . . that
21   statement that the Court made a few months ago is in an effort to clarify the ruling of the
22   Court, because I think the ultimate ruling is that there was sufficient probable cause to justify
23   the issuance of a search warrant and that statement in there is that - is not necessary and it is
24   incorrect and I am trying to clarify it" (Ct. Rec. 279).

25       Defense counsel argued that the Government' Motion was a request for the Court to
26   reconsider its ruling regarding Officer Edwards' presence in the basement, in the Court's

ORDER - 5

Order dated January 17, 2006 (Ct. Rec. 279).  However, the Court stated that it was not changing any facts regarding the scope of the search because in the Order dated January 17, 2006  (Ct. Rec. 112) it opined only that Officer Edwards had the authority to be in the basement and that Officer Edwards was not allowed to conduct a full search of the basement. The Court did not express on opinion about whether Officer Edwards was able to conduct a protective sweep of the basement in the January 17, 2006 Order.  In its Order granting the Government's Motion for Reconsideration and/or Clarification (Ct. Rec. 263), the Court stated that the March 30, 2006 Order contained an erroneous statement referring to the scope of search and in order to clarify the misstatement, the Court was striking the erroneous language.  Therefore, the Court was not reassessing the merits of the March 30, 2006 Order, but clarifying an error.

**Ground 2:  Court erred in finding search of basement permissible.**  Mr. Gooch asserts that the Court erred in determining that Officer Edwards was permitted to conduct a protective sweep of the basement.  Mr. Gooch argues that there was never testimony that Officer Edwards did a protective sweep, but rather testimony that Officer Edwards conducted a methodical room by room search in the basement.

Mr. Gooch's argument on Ground 2 is without merit because he raised this issue on his direct appeal.  A § 2255 Motion "may not be invoked to relitigate questions which were, or should have been, raised on direct appeal. . . ."  *Battaglia v. United States*, 428 F.2d 957, 960 (9th Cir. 1970).  In his appeal to the Ninth Circuit, Mr. Gooch challenged the Court's finding that the police were permitted entry into the basement of the Regal residence when searching for Mr. Conn pursuant to Mr. Conn's misdemeanor bench warrant. *United States v. Gooch*, 506 F.3d 1156, 1158 (9th Cir 2007).  The Ninth Circuit found that "[t]he entry and subsequent search for Conn were reasonable and permissible under Payton and the Fourth Amendment."  *Id.* at 1159.  Therefore, Mr. Gooch is procedurally barred from raising this issue in his § 2255 Motion.

ORDER - 6

**Ground 3: Allegation of Ineffective Assistance of Counsel.**  Mr. Gooch asserts that he was denied his constitutional right to effective assistance of counsel at numerous stages of the litigation.  In order to establish a claim of ineffective assistance of counsel, Mr. Gooch must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance.  *United States v. Strickland*, 466 U.S. 668, 687 (1984).  In order to show that the deficient performance was prejudicial, Mr. Gooch "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Further, Mr. Gooch must overcome the presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 690.  This presumption includes that counsel has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  *Id.* at 691.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id.* at 689.

**A.  Ineffective Assistance during Pre-Trial Preparation.**  Mr. Gooch asserts that he received ineffective assistance of counsel because his pre-trial attorney, Gerald Smith, failed to present evidence of the falsehoods contained in Officer Edwards' affidavit.  Mr. Gooch's claim that Mr. Smith rendered ineffective assistance of counsel is groundless.  First, it is clear from the record that Mr. Smith adequately addressed the falsehoods contained in Officer Edwards' affidavit and challenged its use as support for the search warrant issued. In his Motion to Suppress, Mr. Smith argued that the search warrant issued lacked probable cause because Officer Edwards' affidavit contained multiple falsehoods and requested a *Franks* hearing because he contended that "many of the factual assertions in both affidavits are erroneous, casting doubt on others."  (Ct. Rec. 25)  In Mr. Smith's Memorandum in support of his Motion to Suppress evidence seized from Mr. Gooch's residence, Mr. Smith

points at several inaccuracies in Officer Edwards' affidavit that was submitted to obtain a search warrant and argued that a warrantless search of a residence is unconstitutional unless justified by exigent circumstances. (Ct. Rec. 26)  However, the Court denied Mr. Smith's request for a *Franks* hearing.  (Ct. Rec. 34)  Further, at the hearing on the Motion to Suppress, Mr. Smith questioned Officer Edwards on cross-examination about the inconsistencies in his affidavit and the testimony given at the hearing, including whether Officer Edwards saw Mr. Conn enter the Regal residence and whether Officer Edwards had an actual arrest warrant in hand when he entered in the Regal residence on March 20, 2004. (Ct. Rec. 44)

Even presuming all facts alleged by Mr. Gooch to be true, Mr. Gooch's claim that Mr. Smith rendered ineffective assistance of counsel is still without merit.  The Court finds that Mr. Gooch has failed to rebut the presumption that Mr. Smith's performance was within the wide range of reasonable professional assistance.  Further, Mr. Gooch cannot prove prejudice because the Court considered the offer of proof that there were falsehoods in Officer Edwards' affidavit when determining whether to grant a *Franks* hearing and whether to suppress the evidence seized from Mr. Gooch's residence.

**B.  Ineffective Assistance at Trial.**  Mr. Gooch asserts that his trial attorney, Dan Johnson, refused to subpoena Elizabeth Troubt, and therefore rendered ineffective assistance of counsel.  Mr. Gooch argues that Ms. Troubt testified before the grand jury that she was at his residence on March 28, 2004, and saw Mr. Gooch sleeping before the police raid.  Mr. Gooch argues that Ms. Troubt could have provided rebuttal testimony to one of the Government's witness, Mr. LeBlanc, because it would have shown jurors that the person accused of stealing the guns could have placed them under the pillows sometime that morning; however, Mr. Johnson refused to subpoena Ms. Troubt.

After reviewing the record, the Court cannot determine whether Mr. Gooch was denied effective assistance of counsel at trial.  The trial transcripts do reflect Mr. Johnson

ORDER - 8

1  calling six witnesses at trial, of which, Joanna Kappelman, Patricia Ford, and Mr. Gooch
2  provided testimony that Mr. Gooch had been staying at another residence the days prior to
3  the police raid and that Mr. Gooch was sleeping when the police entered his bedroom.  (Ct.
4  Rec. 229)  However, the Court does not have the grand jury testimony of Elizabeth Troubt.
5  Therefore, the Court requests that the United States Attorney provide a response to Mr.
6  Gooch's claim that he received ineffective assistance of counsel when Mr. Johnson refused
7  to subpoena Ms. Troubt to testify at trial.

8      **C. Ineffective Counsel at Appeal** .  Mr. Gooch asserts that his appellate attorney,
9  Bryan Whitaker, did not properly appeal the district court's holding that Officer Edwards was
10  permitted to search Mr. Gooch's basement residence pursuant to Mr. Conn's arrest warrant
11  and that he did not properly challenge whether his prior convictions were properly assessed
12  for purposes of determining his sentence pursuant to the Armed Criminal Career Act, 18
13  U.S.C. § 924 (2) (2006) [ACCA].

14      Mr. Gooch's claim that Mr. Whitaker failed to properly appeal the two issues
15  described above and therefore rendered ineffective assistance of counsel is groundless.
16  Mr. Whitaker raised both issues on direct appeal.  *United States v. Gooch*, 506 F.3d 1156
17  (9th Cir 2007).  On appeal, Mr. Whitaker argued that Officer Edwards' initial entry into
18  the Regal residence violated the Fourth Amendment because the entry was made
19  pursuant to a misdemeanor bench warrant and that the warrant was legally defective.  *Id.*
20  at 1158.  The claim that the arrest warrant for Mr. Conn was defective was not argued at
21  the trial court level.  *Id.*  Additionally, Mr. Whitaker argued on appeal that the district court
22  erred in applying two of Mr. Gooch's prior state convictions to the severity of his sentence
23  pursuant to the ACCA. *Id.* at 1161.  However, the Ninth Circuit held that "[t]he district court
24  properly relied on the 'modified categorical' approach to determine the effect of those
25  convictions on Gooch's sentence." *Id.*  The Court finds that Mr. Gooch has failed to rebut
26  the presumption that Mr. Whitaker's performance was within the wide range of reasonable

ORDER - 9

professional assistance.  Further, Mr. Gooch cannot prove prejudice because the Ninth Court considered both issues on appeal and affirmed the district court's ruling.  *Id.* at 1158.

**Ground 4: Right to Confront Witnesses.**  Mr. Gooch asserts that he was denied his right to confront the witnesses against him in violation of the Sixth Amendment.  Mr. Gooch argues that Elizabeth Troubt testified in front of the grand jury and he was unable to cross-examine her; therefore, he was unable to confront one of his accusers.

The Confrontation Clause of the Sixth Amendment provides the accused with the right to confront and cross-examine witnesses that make statements in and out of court that are introduced at trial.  U.S. CONST. AMEND. 6; *Crawford v. Washington*, 541 U.S. 36, 50-51 (2004).  However, the Assistant United States Attorney did not introduce statements made by Elizabeth Troubt at trial; therefore, although Ms. Troubt did provide testimony during grand jury proceedings, Mr. Gooch's rights under the Confrontation Clause of the Sixth Amendment were not violated because he was not denied a right to confront and cross-examine a witness whose statement was introduced at trial. (Ct. Rec. 229).  Therefore, the Court finds Ground 4 of Mr. Gooch's Motion is without merit.

**Ground 5: Prosecutorial Misconduct.**  Mr. Gooch asserts that the Assistant United States Attorney engaged in misconduct by failing  to disclose grand jury material prior to trial, presenting perjured testimony, and improperly questioning James LeBlanc.

**A.  Failure to disclose grand jury material.**  Mr. Gooch asserts that the Assistant United States Attorney engaged in prosecutorial misconduct by failing to disclose grand jury testimony until after trial.  Mr. Gooch argues that defense counsel did not receive a transcript of the grand jury testimony until after trial.  Within the grand jury testimony, Elizabeth Troubt testified that she was at Mr. Gooch's residence on March 28, 2004 and saw Mr. Gooch sleeping before the house was raided.  Mr. Gooch argues this information could have led to another possible defense.

The Court finds that Mr. Gooch's Ground 5 is without merit. The Federal Rules of Criminal Procedure govern the pre-trial disclosure of grand jury testimony. In order to gain access to grand jury material, the defendant must request the disclosure of the grand jury material and demonstrate that "a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." FED. R. CRIM. P. 6(e)(3)(E)(ii). It is clear from the record that defense counsel never requested the testimony of Ms. Troubt. During the hearing on the Motion to Reconsider, Mr. Gooch's trial attorney did request that the United States Attorney release the transcripts of grand jury testimony of witnesses that the Government planned to use at trial. (Ct. Rec. 141). If the Government introduces a witness's statement without calling them as a witness at trial, then pursuant to the Jencks Act, the Government must disclose that person's grand jury testimony. 18 U.S.C. § 3500. However, the United States Attorney neither called Ms. Troubt as a witness nor introduced her statements at trial; therefore, it is appropriate that her grand jury testimony was not released to defense counsel.

**B. Presentation of perjured testimony.** Mr. Gooch asserts that the United States Attorney engaged in prosecutorial misconduct by presenting perjured testimony at trial. Mr. Gooch argues that one of the Government's witnesses, James LeBlanc, gave testimony during the grand jury proceedings that was inconsistent with his testimony at trial. Further, Mr. Gooch attached an affidavit signed by Mr. LeBlanc on April 4, 2007 to his § 2255 Motion, stating that he "was told unless [he] testified against [Mr. Gooch] [he] would be endicted [sic]" and "[t]he man [he] gave statements about and testified against was not the man [he] knew as Kenny Gooch."

After reviewing the record, the Court cannot determine whether Mr. Gooch's claim is patently frivolous. In order to comply with the Due Process Clause, the United States Attorney cannot present false evidence to a court. *United States v. Endicott*, 869 F.2d 452, 454 (9 Cir. 1989). "If a prosecutor knowingly uses perjured testimony or knowingly fails to

1  disclose that testimony as false, the conviction must be set aside if there is any reasonable
2  likelihood that the false testimony could have affected the jury verdict." *Id.* In *Endicott*, the
3  Ninth Circuit acknowledged that:

4  in the absence of prosecution's knowing use of perjury, new evidence is material under the *Brady* standard, warranting a new trial, only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.
5

6  *Id.* at 455. Therefore, the Court requests that the Government respond to Mr. Gooch's claim
7  of prosecutorial misconduct regarding perjured testimony.

8      **C. Improper Questioning.**  Mr. Gooch asserts that the United States Attorney's
9  questioning of Mr. LeBlanc was improper.  Mr. Gooch argues that the United States
10 Attorney asked Mr. LeBlanc leading questions.  After Mr. LeBlanc answered that he did
11 not know who was purchasing the gun, the Assistant United States Attorney asked
12 Mr. LeBlanc, "[y]eah you can touch it now, do's [sic] that look like the gun you sold
13 Kenny Gooch back in 2004?" By asking leading questions, Mr. Gooch argues that the United
14 States Attorney testified for Mr. LeBlanc and did not allow Mr. LeBlanc to testify for
15 himself.

16     After reviewing the record, the Court cannot determine whether Mr. Gooch's claim is
17 patently frivolous.  Therefore, the Court requests that the Government respond to Mr.
18 Gooch's claim that the Government engaged in prosecutorial misconduct when questioning
19 Mr. LeBlanc at trial.

20     **Ground 6: Right to a Speedy Trial.**  Mr. Gooch asserts that his right to a speedy trial
21 pursuant to 18 U.S.C. § 3161 was violated.  Mr. Gooch argues that his Indictment was issued
22 and read on December 7, 2004, but that he was not brought before a magistrate until
23 March 23, 2005, which violates the thirty day time limit.  Further, Mr. Gooch argues that a
24 state public defender had him sign blank continuances and when he received copies of the
25 waivers, one of the reasons for a continuance stated was because federal charges were
26 pending.

ORDER - 12

The Court finds that Mr. Gooch's argument on Ground 6 is without merit. Mr. Gooch did not raise this issue on his direct appeal and therefore is procedurally barred from raising this claim. *United States v. Gooch*, 506 F.3d 1156 (9th Cir 2007). A § 2255 Motion "may not be invoked to relitigate questions which were, or should have been, raised on direct appeal . . . ." *Battaglia v. United States*, 428 F.2d 957, 960 (9th Cir. 1970). Although Mr. Gooch is procedurally barred from raising Ground 6 and even if the Court were in a position to review this issue, it is clear there was no error. The Speedy Trial Act guarantees an individual the right to a speedy trial. 18 U.S.C. § 3161. Under the Speedy Trial Act, an indictment must be filed within thirty days of the individual being arrested or served with a summons in connection with the charges contained in the indictment. 18 U.S.C. § 3161(b). Then, if an individual pleads not guilty to the charges in the indictment, the Speedy Trial Act guarantees that the trial must begin within seventy days. 18 U.S.C. § 3161(c)(1). However, there are certain instances when the statute permits delays in the computation of trial time. One such permissible delay is when other charges are brought against the defendant. 18 U.S.C. § 3161(h)(1)(B).

First, it appears that the thirty days Mr. Gooch is referring to applies to when the Government must file an indictment. The Speedy Trial Act does not require that an individual be brought before a judge within thirty days of an indictment being issued. 18 U.S.C. § 3161. Second, it is clear from the record that Mr. Gooch was advised of his rights under the Speedy Trial Act and that Mr. Gooch signed multiple waivers to continue his trial date. If Mr. Gooch did not wish to delay his trial date, then he could have refused to sign the waiver form.

**Ground 7: Improper Indictment.** Mr. Gooch asserts that his Indictment was improper. Mr. Gooch argues that the .25 caliber Baretta gun that was manufactured in another state and sold to someone in Spokane, never crossed state lines after it was supposedly stolen. Therefore, Mr. Gooch argues that the Indictment is faulty.

ORDER - 13

Mr. Gooch's Indictment indicates that all of the firearms and ammunition that he was charged with knowingly possessing had been transported in interstate commerce. (Ct. Rec. 1)  Special Agent Carl Jessen of the Bureau of Alcohol, Tobacco, Firearm and Explosives [ATF] testified at trial that the serial number of the .25 caliber Baretta gun indicates that the gun was manufactured by Baretta USA Corporation in Maryland. (Ct. Rec. 229)  Special Agent Jessen also testified that Baretta USA Corporation does not manufacture any firearms in Washington and the gun could not have reached Washington except through interstate commerce. (Ct. Rec. 229 )  ATF Special Agent William Ramsey testified at trial that he was able to locate the original owner of the .25 caliber Baretta gun and that the original owner lived in Spokane, Washington.  (Ct. Rec. 229 )   Therefore, Mr. Gooch's claim is without merit because there is uncontested evidence in the Court record to demonstrate that the .25 caliber Baretta gun was manufactured in Maryland by Baretta USA Corporation and transported through interstate commerce to Washington by the original owner.

**Ground 8: Court Erred in Determining Sentence.**  Mr. Gooch asserts that the Court erred in determining his sentence because the Government used a prior third degree assault conviction for ACCA purposes when Washington third degree assault definitions do not meet the criteria for ACCA purposes.

Mr. Gooch' argument in Ground 8 is without merit because he unsuccessfully challenged his sentencing on his direct appeal.  A § 2255 Motion "may not be invoked to relitigate questions which were, or should have been, raised on direct appeal . . . ." *Battaglia v. United States*, 428 F.2d 957, 960 (9th Cir. 1970).  The Ninth Circuit held that "Gooch's two prior state court convictions (for second degree burglary and third degree assault) were correctly assessed for purposes of determining the severity of Gooch's sentence pursuant to the Armed Career Criminal Act . . . ." *United States v. Gooch*, 506 F.3d 1156, 1161 (9th Cir 2007).  Therefore, Mr. Gooch is procedurally barred from raising this claim in his § 2255 Motion.  Accordingly,

ORDER - 14

**IT IS ORDERED** that:

1.  Mr. Gooch's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed May 12, 2009, **Ct. Rec. 289**, is **DENIED WITH PREJUDICE IN PART and RESERVED IN PART**:

(a) Grounds 1, 2, 3(A), 3(C), 4, 5(A), 6, 7, and 8 of Mr. Gooch's § 2255 Motion are **DENIED WITH PREJUDICE**.

(b) Notice shall be served upon the United States to answer Movant's § 2255 Motion by July 31, 2009 on the following grounds:

• **Ground 3(B)**, ineffective assistance of counsel at trial for failure to subpoena Elizabeth Troubt;

• **Ground 5(B)**, prosecutorial misconduct for presenting perjured testimony at trial; and

• **Ground 5(C)** prosecutorial misconduct for improper questioning of a witness at trial.  The contents of the answer shall conform to the requirements of Rule 5(b) of the Rules-Section 2255 Proceedings.

(c) Movant shall serve and file a reply to United States answer, if any, **within thirty (30) days** of service of United States' answer.

(d) If Movant raises new issues in his reply, the Government may respond to those issues in a supplemental response to be filed and served **within 20 days** of service of the Movant's reply.

2.  The Court will take these matters **UNDER ADVISEMENT** when the briefing is complete.

3.  Movant shall serve upon the United States Attorney a copy of every further pleading or document submitted for consideration by the Court.  He shall include with the original paper to be filed with the District Court Executive, a certificate stating the date a true and correct copy of any document was mailed to the United States.  LOCAL RULE 5.1(a).

ORDER - 15

The District Court Executive is directed to:

• File this Order,

• Send a copy to Mr. Gooch;

• Provide the United States Attorney with a copy of the § 2255 Motion;

• Set a **CASE MANAGEMENT DEADLINE for October 1, 2009**.

**DATED** this 18th day of June, 2009.


                                        s/ Wm. Fremming Nielsen
06-17                                   WM. FREMMING NIELSEN
                                        SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 16