UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>   -vs-<br><br>KENNETH DALE GOOCH,<br><br>           Defendant. | No.   2: 04-CR-0262-WFN-1<br><br>ORDER<br><br>**UNITED STATES MARSHALS SERVICE--ACTION REQUIRED** |

Pending before the Court is Defendant's 28 U.S.C. § 2255 Motion to Vacate Sentence.  ECF No. 367.

A jury found Mr. Gooch guilty of being a felon in possession of a firearm on March 23, 2006.  At the sentencing hearing, the Government argued that Mr. Gooch's prior convictions for second degree burglary, assault in the third degree, robbery in the second degree, and assault in the second degree involving a deadly weapon all served as predicates qualifying Mr. Gooch as a career offender.  This Court sentenced Mr. Gooch to 235 months imprisonment, the low end of the guideline range.

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C. § 2255.  The statute establishes a one year period of limitation for filing a § 2255 motion which runs from the latest of

ORDER - 1

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 (West).  The timeliness of Defendant's motion depends on the retroactivity of *Johnson*, or alternatively, the validity of Defendant's claim of actual innocence. *Johnson v. United States*, 135 S. Ct. 2251 (2015).

    Defendant asserts that after *Johnson* and *Descamps*, he is actually innocent of the ACCA sentencing enhancement and therefore the claim is timely. *Descamps v. United States*, 133 S. Ct. 2276 (2013).  Claims of actual innocence typically apply to actual innocence of the crime charged, but some courts have carved out a narrow space for some types of sentencing enhancements which may trigger constitutional concerns. *See United States v. Maybeck,* 23 F.3d 888, 893 (4th Cir.1994) (finding no difference between holding defendant innocent of acts required to enhance a sentence in death case and applying parallel rationale in noncapital cases); *Smith v. Collins,* 977 F.2d 951, 958–59 (5th Cir.1992) (assuming actual innocence exception extends to noncapital sentencing procedures); *Pilchak v. Camper,* 935 F.2d 145, 148 (8th Cir.1991) (stating that the Eighth Circuit "while recognizing that the [actual innocence] exception . . . is very narrow, has transported the exception into the sentencing phase of a trial" in case involving petitioner not properly the subject of a life sentence because represented by mentally impaired counsel). *But see United States v. Mikalajunas,* 186 F.3d 490, 495 (4th Cir.1999) (limiting actual innocence exception in noncapital cases to review of eligibility for career offender or other habitual offender guideline provisions);

ORDER - 2

*United States v. Richards,* 5 F.3d 1369, 1371 (10th Cir.1993) ("A person cannot be actually innocent of a noncapital sentence . . . ."). *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 171 (2d Cir. 2000). If actually innocent, the claim is timely.

Additionally, the record is clear that the Court relied upon the residual clause when determining both the second degree robbery and the second degree assault involving a deadly weapon qualified as predicate offenses for the Armed Career Criminal Act. At the sentencing hearing, the Government argued that second degree robbery is a "pure categorical match" because "robbery in the second degree, which by definition, just looking at the straight statute, involves the *risk of harm or violence to another*." ECF No. 279, p. 33 (emphasis on the residual clause added). The Government proceeded to outline facts contained in the Information that would support a finding of use of force based on the modified categorical approach utilized at that time. The Government continued, "so I would ask the Court to find that under a pure categorical approach, just looking at the statute, that this is the kind of prior violent predicate that the Congress envisioned when drafting the ACC statute." ECF No. 279, p. 34. The Court replied, "Yeah, the Washington State statute regarding second degree robbery is categorically a crime of violence." *Id.* The Court clearly adopted the Government's initial argument that second degree robbery categorically met the requirements of the residual clause as the Government had just argued rather than relying on the modified categorical approach that required looking to the facts underlying the conviction.

Next the Government addressed second degree assault, stating, "I would argue to the Court that by definition that is a categorical match with the Federal definition of a crime of violence that we see in 18 U.S.C. § 924(e), which does include the *risk of threat or the threat of harm or violence towards another person*, and so that this assault two, deadly weapon, would be a categorical match." ECF No. 279, p. 35. Though not quoted exactly, the emphasized text clearly shows that the Government was arguing a categorical match

ORDER - 3

pursuant to the residual clause. The Court concurred, stating, "the state statute charging second degree assault, the court feels is categorically a crime of violence." *Id.* Again, the Government argued a categorical match to the residual clause and the Court agreed with the Government's analysis. Such a clear record of the Government arguing and Court relying upon the residual clause when determining whether two separate prior convictions qualified as predicate offenses pursuant to ACCA makes the Government's argument in the briefing on this Motion perplexing.[1] Since the Court relied on the residual clause invalidated in *Johnson* to qualify two convictions as predicate offenses, and *Welch* confirmed that *Johnson* is retroactive, the Motion is timely. *Welch v. United States,* __ U.S. __ (April 18, 2016).

The Government appears to concede that if the Motion is timely, Mr. Gooch's prior convictions no longer qualify him as an Armed Career Criminal. The Court will briefly address the issue for the sake of completeness of the record, but finds that the Government's acquiescence sufficient rationale to grant Mr. Gooch's Motion. To be an Armed Career Criminal, a person must have three qualifying "serious drug offenses" and/or violent felony convictions. "[T]he term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that-- (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or; (ii) is a burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another. . . .*" 18 U.S.C. 924(e)(2)(B) (emphasis added). The Supreme Court invalidated the residual clause of the

---

[1] "While the United States was, and is, willing to concede *Johnson* error where the Defendant can show that the District Court clearly sentenced him <u>under</u> the residual clause, a further examination of the instant record has shown no such residual clause reliance by the court even exists." United States' Response to Defendant's Motion to Vacate Sentence and for Resentencing, filed April 1, 2016, ECF No. 369, FN2.

ORDER - 4

ACCA defining a qualifying violent felony, italicized above, substantially limiting application of the ACCA. *Johnson*, 135 S. Ct. 2251.

Mr. Gooch's prior second degree burglary conviction does not qualify as generic burglary offenses under the ACCA. A person is convicted of generic burglary for the purpose of enhanced sentencing under the ACCA "if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. at 599. "Building" or "structure" has been interpreted to mean "a structure designed for occupancy that is intended for use in one place." *United States v. Grisel*, 488 F.3d 844, 848 (9th Cir. 2007).

Mr. Gooch was convicted of Second Degree Burglary under section 9A.52.030(1) of the Revised Code of Washington which provided:

> A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle or a dwelling.

"Building" included its ordinary meaning and "any dwelling, fenced area, vehicle, railway car, cargo container, or any other structure used for lodging of persons or for carrying on business therein, or for the use, sale, or deposit of goods." WASH. REV. CODE § 9A.04.110(5).

Washington's second degree burglary statute does not categorically match the generic burglary definition because the elements criminalize conduct that fall both within and outside the scope of the generic crime due to Washington's expansive interpretation of "building" and alternative means for conviction by remaining unlawfully, which does not require "an unlawful entry along the lines of breaking and entering." *Descamps*, 133 S. Ct. at 2285. This same conclusion has been reached by the Ninth Circuit and a number of district courts. *See e.g.*, *United States v. Wenner*, 351 F.3d 969, 972 (9th Cir. 2003) (analyzing § 9A.52.025); *United States v. Wilkinson*, 589 Fed. Appx. 348 (9th Cir. 2014) (unpublished) ("9A.52.025 is broader than generic burglary because it does not require an unlawful entry along the lines of breaking and entering."); *Summers v. Feather*, 2015 WL

ORDER - 5

4663277 (D. Or. Aug. 5, 2015) (analyzing § 9A.52.030); *Murray v. United States*, 2015 WL 7313882 (W.D. WA Nov. 19, 2015) ( analyzing §9A.52.030); *United States v. Hines*, 2015 WL 8668222 (E.D. WA Dec. 11, 2015) (analyzing §9A.52.030). Courts interpreting their own substantially similar state statutes have also recently reached the same conclusion. *See e.g.*, *United States v. Bayya*, 2015 WL 8751795 (D. Or. Dec. 14, 2015) (Oregon law); *United States v. Brumback*, 614 Fed. Appx 88 (6th Cir. 2015) (unpublished) (Kentucky law).

Mr. Gooch's Second Degree Robbery conviction also does not qualify as a crime of violence pursuant to the ACCA. As an unlisted crime to qualify for the ACCA, robbery must have an element of the use, attempted use, or threatened use of physical force. Washington's Second Degree Robbery statute indicates that:

> A person is guilty of robbery in the second degree if he or she commits robbery.

RCW 9A.56.200. Washington further defines robbery as follows,

> A person commits robbery when he or she unlawfully takes personal property from the person of another. . .against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person of property of anyone. . .

RCW 9A56.190. Washington's Second Degree Robbery does not categorically meet the requirements of the ACCA because it criminalizes force against property. The Ninth Circuit determined that the California Robbery statute was categorically overbroad for exactly the same reason. *United States v. Bercerril-Lopez,* 541 F.3d 881, 891 (9th Cir. 2008). Second degree robbery is not divisible as there are no alternative elements set out by statute.

Though invalidating only the burglary and robbery convictions as predicates would be sufficient to grant Defendant's Motion, the Court notes that third degree assault conviction is not a crime of violence pursuant to the ACCA. The Ninth Circuit held that Washington's third degree assault is not a categorical crime of violence. *United States v. Sandoval*, 390 F.3d 1077, 1081 (9th Cir. 2004). Further, RCW 9A.36.301

is not divisible. *See United States v. Castleman,* 134 S. Ct. 1405, n. 5 (2014) (Scalia, J., concurring), *see also* Wash. Pattern Jury Instruction 35.50.

Since at least three of Mr. Gooch's four predicate convictions no longer qualify as violent felonies pursuant to the ACCA, Mr. Gooch has established that he is serving an illegal sentence and is entitled to be resentenced. The Court has reviewed the file, briefing, and argument and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Defendant's 18 U.S.C. § 2255 Motion to Vacate Sentence, filed March 25, 2016, **ECF No. 367**, is **GRANTED**.

2. Defendant's sentence of imprisonment imposed pursuant to the Armed Career Criminal Act is **VACATED**.

3. The Bureau of Prisons shall immediately calculate whether Kenneth Dale Gooch has served ten years imprisonment on this conviction. **If Mr. Gooch has already served ten years, he shall be IMMEDIATELY RELEASED.**

4. Defendant shall be **resentenced** on the underlying conviction on**, June 7, 2016, at 10:30 a.m., in Spokane**, Washington. Defendant must be present at this hearing.

5. An **expedited** Amended Presentence Investigation report shall be prepared in advance of sentencing reflecting this Court's ruling without application of the ACCA. Any objections or memorandum regarding sentencing shall be filed on an expedited basis and **not later than 7 days** prior to resentencing.

6. The United States Marshals Service shall provide a copy of this Order to the Bureau of Prisons and deliver Mr. Gooch to the Eastern District of Washington.

The District Court Executive is directed to file this Order and provide copies to counsel **AND** the United States Marshals Service--**action required**.

**DATED** this 29th day of April, 2016.

s/ Wm. Fremming Nielsen<br>
WM. FREMMING NIELSEN<br>
SENIOR UNITED STATES DISTRICT JUDGE

04-27-16

ORDER - 7